(8 Misc. Rep. 305.)

### GRAHAM v. MANHATTAN RY. CO.

(Common Pleas of New York City and County, General Term. May 17, 1894.)

CARRIERS—INJURY TO PASSENGER—CONTRIBUTORY NEGLIGENCE.
  Plaintiff got on an elevated railroad car, which was so crowded that he could just get standing room on the platform. When the car reached the

next station, plaintiff got off, but before the car started he went on the platform again, though it was as much crowded as before, and was injured in consequence of its crowded condition. *Held*, that plaintiff was chargeable with contributory negligence.

Appeal from trial term.

Action by Henry Graham against the Manhattan Railway Company for personal injuries. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Appellant's counsel having argued that the respondent was guilty of negligence, and the appellant was free from it, the court called his attention to the fact that the plaintiff himself testified that when he got on the platform of the car it was so crowded that he could just get standing room on it, and that the respondents' servants could not get the gates shut; that when he got on at Fifty-Ninth street it was impossible to get in the car; that when the train reached Fifty-Third street and Eighth avenue, he got off the car; that then he was in a place of safety; and that, although the platform was not emptied, but, as he himself testified, he had no more space to stand in than before, he, knowing his danger, voluntarily went on the platform again, and that this was negligence on his part. To which appellant's counsel replied: "I think the respondents ought to have taken two or three from that platform, and put them over on the platform; they could have closed the gates then. I submit, on the testimony of the witness McCabe, he could have taken the passengers off."

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Gilbert D. Lamb, for appellant.
Edward B. Thomas, for respondent.

BOOKSTAVER, J. We think, on the other hand, it was the plain and manifest duty of the appellant, when he found how dangerous the condition of the platform was, and had reached a place of safety on the Fifty-Third street platform, to wait for the next train, and not put himself where the gates of the car platform could not be shut, or have voluntarily gone upon a platform which he knew was dangerous, and by so doing took the risk which resulted in the injuries received by him. The judgment should be affirmed, with costs. All concur.